IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RASHAD LEE, #213 823,          )
                               )
        Plaintiff,             )
                               )
        v.                     ) CIVIL ACTION NO.: 2:12-CV-1119-TMH
                               )                  [WO]
WILBERT JERNIGAN, *et al*.,    )
                               )
        Defendants.            )

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 26, 2012, Plaintiff, an inmate incarcerated at the Limestone Correctional Facility located in Harvest, Alabama, filed an application for leave to proceed *in forma pauperis. See* 28 U.S.C. § 1915(a). Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

# I. DISCUSSION

The undersigned takes judicial notice of federal court records[2] which establish that Plaintiff, while incarcerated or detained, has had on at least three occasions civil actions and/or appeals dismissed as frivolous, malicious, for failure to state a claim, for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915, and/or counted as a strike for purposes of 28 U.S.C. § 1915(g). The cases on which the court relies in finding a violation of § 1915(g) include:  (1) *Lee v. Jernigan, et al.*, Civil Action No.  2:06-CV-134-MHT (M.D. Ala. 2006); (2) *Lee v. Mills, et al.*, Civil Action No.  2:09-CV-602-WHA (M.D. Ala. 2010);  (3) *Lee v. Myers, et al.*, Civil Action No. 1:10-CV-396-KD) (S.D. Ala.  2011); and (4) *Lee v. Myers, et al.*, Civil Action No. 1:10-CV-661-KD (S.D. Ala, 2011).[3]

"General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.,* 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006) (citing *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm

---

[2]In evaluating whether Plaintiff has three strikes, the court may properly take judicial notice of pleadings and orders in a previous case when the orders are public records and are "not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *Horne v. Potter,* 392 Fed. Appx. 800, 802 (11th Cir. 2010).

[3]*Available at http://pcl.uscourts.gov/.*

and unspecific references to injury are insufficient." *Id*. (citing *Martin, supra,* and *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998) (internal quotations omitted). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."*Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002)

The court has carefully reviewed the claims presented in the instant action. Even construing all allegations in favor of Plaintiff, his claims in this complaint do not entitle him to avoid the bar of § 1915(g) because they do not allege nor in any way indicate that he was " under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Based on the foregoing, the court concludes that Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice for Plaintiff's failure to pay the requisite $350.00 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of

§ 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## II.  CONCLUSION

In light of the foregoing, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Plaintiff on December 26, 2012 (*Doc. No. 2*) is DENIED.

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before **February 12,  2013,** Plaintiff may file an objection to this Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff  objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit  handed down prior to the close of business on September 30, 1981.

Done this 29th day of January, 2013.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE